**NOT FOR PUBLICATION**

SEP 09 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SCOTT A. SNOECK,

               Plaintiff - Appellant,

  v.

CAROLYN W. COLVIN, Commissioner
of Social Security Administration,

               Defendant - Appellee.

No. 13-35327

D.C. No. 4:12-cv-00031-SEH

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Montana
Sam E. Haddon, District Judge, Presiding

Submitted August 29, 2014[**]
Seattle, Washington

Before: NOONAN, HAWKINS, and GOULD, Circuit Judges.

    Scott Snoeck ("Snoeck") appeals the district court's judgment affirming the

final decision of the Commissioner of Social Security ("Commissioner") denying

his claim for disability insurance benefits and supplemental security income. The

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

facts are well known to the parties and will not be repeated here except only to the extent necessary to explain our decision. We have jurisdiction under 28 U.S.C. § 1291 and reverse and remand.

We review the district court's order upholding the Commissioner's denial of benefits de novo. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). We will reverse the Commissioner's decision only if the Administrative Law Judge's ("ALJ") findings are based on legal error or are not supported by substantial evidence. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

The ALJ rejected the opinion of Dr. Charles Marler ("Dr. Marler"), Snoeck's treating physician, limiting Snoeck to 20 hours of work per week. To reject the uncontroverted opinion of a treating physician, as in this case, the ALJ must provide clear and convincing reasons supported by substantial evidence in the record. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). We conclude that the ALJ's reasons do not meet this standard.

"The clear and convincing standard is the most demanding required in Social Security cases." *Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002). Here, the ALJ fell far short of providing "clear and convincing" reasons supported by substantial evidence in the record. The ALJ's first reason—that Dr. Marler's opinion "is not adequately explained or supported by

2

treatment notes and the conclusion is not related to substantive mental clinical findings"—is neither clear nor convincing because the ALJ simply concluded that Dr. Marler's opinion is insufficient without providing specific reasons accompanied by references to the evidence. If the ALJ had referenced the treatment notes and medical records and evaluated the extent to which they are consistent or inconsistent with Dr. Marler's opinion limiting Snoeck to 20 hours of work per week, his decision to reject Dr. Marler's opinion might have passed muster under the "clear and convincing" standard. But the ALJ neither interpreted nor explained how the medical records are insufficient to support Dr. Marler's opinion.

The ALJ's second reason for rejecting Dr. Marler's opinion—that Snoeck "denied symptoms during therapy sessions with [therapist] Kennedy in the past year and half and he was stable and doing well on an effective medication regimen without complaint of significant adverse side effects"—is also neither clear nor convincing because it lacks specificity and analysis. The ALJ failed to identify the relevant "symptoms" or "adverse side effects" and explain how they undermined Dr. Marler's opinion. Further, the ALJ did not give any reasons why Dr. Marler's opinion should be rejected outright simply because Snoeck reported that he was

3

doing well on an effective medication regimen. Thus, we conclude that the ALJ's reasons for rejecting Dr. Marler's opinion were legally insufficient.

We reverse and remand to the district court to remand to the ALJ for further proceedings taking into account the treating doctor's statement limiting Snoeck to working 20 hours per week. The ALJ should also reconsider other issues that may be affected by the ALJ's error, including (1) whether Snoeck's allegation that he cannot work more than 20 hours per week due to pain and/or bipolar symptoms is credible; (2) whether Dr. Robert Bateen's finding that Snoeck is moderately limited in his ability to complete a normal workday and workweek without interruptions is consistent with the medical evidence; and (3) whether the hypothetical question presented to the vocational expert included all of Snoeck's limitations.

**REVERSED and REMANDED**.